IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALVARO MIRANDA,

                Plaintiff,

    vs.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                Defendant.

Case No. 1:04-cv-06607 (JKS)

MEMORANDUM DECISION

## I - INTRODUCTION

This action seeks review of the Commissioner's decision denying Alvaro Miranda's application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-83(f). Currently before the Court is Miranda's Opening Brief. Docket Nos. 19 (Brief); 22 (Opp'n). This court has jurisdiction for judicial review pursuant to 42 U.S.C. § 405(g).

## II - BACKGROUND

In June of 2002, Miranda filed concurrent claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"), alleging an inability to work as of September 30, 1998. Administrative Transcript "Tr." 88-90. Specifically, Miranda alleged he was unable to work due to problems with his right lung, liver, asthma, and diabetes. Tr. 128. Both claims were denied initially and on reconsideration. Tr. 71-74, 76-79. A hearing before an Administrative Law Judge ("ALJ") was held on February 14, 2004. Tr. 572-82. On April 9, 2004, the ALJ issued a decision denying Miranda's claims. Tr. 18-23. This decision became the final decision of the Commissioner on

October 10, 2004, when the Appeals Council denied Miranda's request for review. Tr. 7-10.

Miranda then initiated the instant action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III - STANDARD OF REVIEW

A district court may disturb the final decision of the SSA only if "it is not supported by

substantial evidence or if it is based on legal error." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169

F.3d 595, 599 (9th Cir. 1999). "Substantial evidence is relevant evidence which, considering the

record as a whole, a reasonable person might accept as adequate to support a conclusion."

*Richardson v. Perales*, 402 U.S. 389 (1971); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d

1453, 1457 (9th Cir. 1995). A court's review must "consider the record as a whole," both that

which supports as well as that which detracts from the Secretary's conclusion. *Desrosiers v. Sec'y

of Health and Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). Where the evidence is susceptible

to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's

conclusion must be upheld. *See Morgan*, 169 F.3d at 599.

## IV - DISCUSSION

Disability is defined as the inability to do any substantial gainful activity by reason of any

medically determinable physical or mental impairment which is expected to result in death or

remain for a continuous duration of at least 12 months. 20 C.F.R. § 404.1505. The impairment

must be severe and prevent the claimant from doing her past relevant work or any other substantial

gainful work that exists in the national economy. 20 C.F.R. § 404.1560.

The Commissioner uses a five-step sequential analysis to evaluate the merits of a disability

claim:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

MEMORANDUM DECISION

Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

81 F.3d 821, 828 n.5 (9th Cir. 1996) (citing 20 C.F.R. § 404.1520).  The claimant carries the initial burden of proving a disability in steps one through four of the analysis.  *See Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989).  However, if a claimant establishes an inability to continue her past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work.  *See id*.

In this case, the ALJ found at step one that Miranda had not engaged in substantial gainful employment during since the alleged onset date in September 1998.  Tr. 22.  At step two, the ALJ found that Miranda had medically severe impairments of severe obesity, diabetes mellitus, hypertension, asthma, and emphysema.  *Id*.  At step three, the ALJ determined that none of his impairments viewed in isolation or together met or equaled the criteria of any of the impairments listed in Appendix 1, Subpart P, App. 1.  *Id*.  The ALJ then determined Miranda's residual functional capacity ("RFC") and concluded that Miranda was capable of performing a wide range of light work including lifting/carrying of 20 pounds occasionally and 10 pounds frequently, and either standing/walking or sitting for six hours total per day, with avoidance of exposure to excessive pulmonary irritants.  *Id*.  Moving to step four, the ALJ determined that Miranda was precluded from doing past relevant work.  *Id*.  Finally, at step five, the ALJ found that Miranda was still capable of performing other jobs which exist in significant numbers in the national economy and was therefore not under a disability.  *Id*. at 23.

Miranda now asserts the ALJ made three errors necessitating reversal and remand of the Commissioner's final decision.  First, Miranda asserts the ALJ did not fully and fairly review the substantial evidence of record.  Docket No. 19 at 4.  Second, he alleges the ALJ failed to give proper deference to the opinion of Miranda's treating physician.  *Id*. at 5.  Third, Miranda asserts that the ALJ did not fully and fairly review Miranda's testimony.  *Id*. at 6.

A.      **Review of the Substantial Evidence of Record**

Miranda argues the ALJ did not properly review the record when determining at step three whether his impairments met or equaled any impairment to the respiratory system listed in 20

MEMORANDUM DECISION

C.F.R., Pt. 404, Subpt. P, App.1, section 300.  Docket No. 19 at 4.  Specifically, Miranda argues that the ALJ erred at step three by: (1) failing to utilize an expert to assess disability; (2) failing to account for Miranda's obesity; and (3) failing to at least review a closed period.  *Id*. at 4-5.

An individual whose impairments meet or medically equal the requirements of a Listing section is presumptively disabled.  *See* 20 C.F.R. § 404.1520(d); *Key v. Heckler*, 754 F.2d 1545, 1548 (9th Cir. 1985).  The claimant bears the burden of establishing that he or she meets all the characteristics of a listed impairment, or that his or her symptoms, signs and laboratory findings are at least equal in severity and duration to the listed impairment most like the claimant's impairment. *Tacket v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

Miranda points out that the record shows he has an unusual combination of impairments, including recurrent pneumothoraces, hypertensive vascular disease, bullous emphysema, asthma, a history of lobectomy, and some positive test results.  Docket No. 19 at 4.  He fails however to articulate a "theory, plausible or otherwise, as to how his impairments combined to equal a listing impairment." *See Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005) (finding that an ALJ need not compare the combined effects to a listed impairment unless a plaintiff provides evidence to establish equivalency).  The ALJ's finding that Miranda's impairments did not meet or equal a listed impairment was therefore adequate.

Miranda also argues the ALJ erred by failing to utilize an expert to assess his impairments at step three.  The Commissioner does require the judgment of a physician on the issue medical equivalence.  Social Security Ruling ("SSR") 96-6p.  This requirement is shown to be met when the record contains a Disability Determination and Transmittal Form signed by a state agency medical consultant. *Id*.  The record in this case contains at least two such signed forms.  Tr. 35, 42.  The ALJ did therefore satisfy the requirement to receive expert opinion.

Miranda next argues that the ALJ failed to account for his obesity at step three.  Docket No. 19 at 5.  To the contrary, the ALJ discussed Miranda's obesity and found that it was a severe impairment.  Tr. 20-22.  Moreover, Miranda has not demonstrated that his obesity resulted in any more functional limitations than those assessed by the ALJ.  An ALJ need not make assumptions about the effects of obesity combined with other impairments - such functional limitations shall be

MEMORANDUM DECISION

evaluated based on the information in the record.  SSR 02-1p.  Miranda has failed to point to any

evidence of additional functional limitations due to his obesity.  The ALJ did adequately consider

Miranda's obesity.

Finally, Miranda argues the ALJ should have considered a closed period of disability

because the consulting exam was performed roughly four years after the alleged onset date.  Docket

No. 19 at 5.  Miranda may raise this issue before the ALJ on remand.

### B.        Review of the Treating Physician's Opinion

Miranda argues that the ALJ failed to give proper deference to the opinions of his  treating

physician Dr. Kaleka.  In 2002, Dr. Kaleka filled out three separate medical reports where he opined

that Miranda had a temporary incapacity due to his respiratory ailments, with an onset date of March

20, 2002.  Tr. 449-53.  In the most specific of these reports, he opined that Miranda was limited to

standing/walking for no more than four hours, sitting for no more than six hours total in an eight-

hour workday, and occasionally lifting/carrying 35 pounds.  Tr. 449-50.  In August 2003, Dr. Kaleka

filled out another report where he opined that Miranda was precluded even from sedentary work

with an onset date sometime in 1998.  Tr. 515-18.

The Social Security Administration favors the opinions of treating physicians over non-

treating physicians.  *See* 20 C.F.R. § 404.1527.  "If a treating physician's opinion is well supported

by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with

the other substantial evidence in the case record, it will be given controlling weight."  *Orn v. Astrue*,

495 F.3d 625, 631 (9th Cir. 2007) (quoting 20 C.F.R. § 404.1527(d)(2))..  In rejecting the

contradicted opinion of a treating source, the ALJ must still provide "specific and legitimate reasons

supported by substantial evidence in the record."  *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir.

1998) (internal quotation marks omitted).  "This can be done by setting out a detailed and thorough

summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making

findings.  *Id*. (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  However, even if

the treating physician's opinion is not well supported, or is inconsistent with other substantial

evidence in the record, an ALJ cannot reject it outright, but must consider factors listed under 20

MEMORANDUM DECISION

C.F.R. § 404.1527(d) to determine the weight such an opinion should be given.  *See Orn*, 495 F.3d at 631; Social Security Ruling 96-2p.

In this case, the ALJ rejected Dr. Kaleka's opinion that Miranda was precluded from even sedentary work essentially because he found it "unsupported by the available medical findings."  Tr. 20-21.  The ALJ instead chose to rely on the opinions of the state agency non-examining physicians, which were, in his opinion, consistent with the medical evidence.  Tr. 21.  In support of this conclusion, the ALJ set out at length the testimony from the hearing and the medical evidence from 1998 through 2003.  Tr. 19-21.  This evidence included the opinions of several examining and non-examining physicians that Miranda was at least capable of light work.  *See* Tr. 379, 402, 485, 385-92, 503-10.  The ALJ thus summarized: "the weight of the substantial medical evidence fails to reveal sufficient clinical or other objective diagnostic abnormalities to support the conclusory opinions of Dr. Kaleka."  Tr. 21.

While Dr. Kaleka's ultimate conclusion regarding Miranda's residual functional capacity is contradicted by the opinions of the consultative examiners, it is unclear from the record whether these opinions constitute substantial evidence.  The Ninth Circuit has recently reminded us that the conclusions of a examining physician are not substantial evidence unless they are based on "independent clinical findings that differ from the findings of the treating physician."  *Orn*, 495 F.3d at 632.  "Independent findings can be either (1) diagnoses that differ from those offered by another physician and that are supported by substantial evidence, or (2) findings based on objective medical tests that the treating physician has not herself considered."  *Id*. (internal citations omitted).  In this case, the diagnoses of the examining physicians are very similar to those of Dr. Kaleka.  *See* Tr. 377, 402, 406, 482-83, 515.  It is unclear whether the findings of the examining physicians were based on objective medical tests *which Dr. Kaleka did not consider*.  Dr. Kaleka's assessment was done later, making it possible that he considered the clinical results of the consultative exams in making his assessment.  As the record is unclear whether the examining physicians relied on independent clinical findings which Dr. Kaleka did not consider, this case must be remanded for further development and review consistent with *Orn*.

MEMORANDUM DECISION

Further, even if the opinions of the examining physicians did constitute substantial evidence, it is unclear whether the ALJ considered the factors listed at 20 C.F.R. § 404.1527(d)(2)-(6) to determine the weight Dr. Kaleka's opinion should have been given.  The Ninth Circuit has recently reminded us that consideration of these factors is mandatory:

> [A] finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected.  Treating source medical opinions are still entitled to deference and *must be weighed* using all of the factors provided in 20 C.F.R. § 404.1527...

*Orn*, 495 F.3d at 631-32 (quoting S.S.R. 96-2p at 4) (emphasis added).  Remand is thus very appropriate to allow the Commissioner to expand the record as necessary and reweigh the medical opinions consistent with the above cited regulations and *Orn*.

### C.      Review of Miranda's Testimony

Miranda argues the ALJ erred in discounting his testimony.  Docket No. 19 at 6.  Miranda, with counsel present, testified at the hearing through an interpreter.  Tr. 574.  Miranda testified that he was born in Mexico, has only five years of schooling, and speaks little English.  Tr. 576.  He was injured while working in 1998 when boxes of melons fell and struck his right side.  Tr. 577.  The injury to his lung caused difficulty breathing and required surgery.  Tr. 577-78.  The breathing problem got worse and worse and was not improved by the surgery.  Tr. 579.  When asked to describe how his impairments currently affect his life, Miranda stated that he could no longer do anything a "little heavy" without experiencing anxiety, dizziness and pain.  Tr. 581.  On further examination, Miranda stated he could lift a single gallon of water.  Tr. 581.  Miranda also testified that he helps his wife by cooking, washing dishes, walking their children to the bus stop, going to the market, and doing other light housekeeping like picking up clothing.  Tr. 582-83.

Determining credibility of a claimant's testimony about subjective symptoms and pain is a two-step process.  First, a claimant must present "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, No. 04-56934,  — F.3d —, 2007 WL 2874403 at 6 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc) (internal quotation marks omitted).

MEMORANDUM DECISION

"The ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the *degree* of symptom alleged." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996). An ALJ may not discredit the claimant's testimony merely because of a lack of objective medical evidence. *Reddick*, 157 F.3d at 722. Second, if there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id*. at 1281.

In this case, Miranda clearly supplied objective evidence of underlying impairments that could produce shortness of breath, cough, and pain. The ALJ does not quibble with this, finding that "the medical evidence establishes that the claimant has severe obesity, diabetes mellitus, hypertension, asthma, and emphysema." Tr. 22. At step two, the ALJ gave three reasons for rejecting Miranda's credibility. First, he found the subjective complaints and testimony were supported by few objective medical abnormalities of significance. Tr. 21. Second, he cited Miranda's testimony about helping his wife around the house. Tr. 21. Third, he cited Miranda's testimony that he could no longer do "heavy" things. Tr. 21.

The ALJ failed to offer specific, clear and convincing reasons for rejecting Miranda's credibility. To begin, the ALJ failed to even identify the subjective complaints for which he found few supporting objective medical abnormalities. Additionally, as discussed supra, the medical testimony must be reweighed because it is unclear whether the opinions on which the ALJ relied can be considered substantial evidence. As the ALJ relied on the medical evidence to weigh Miranda's credibility, this too must be reweighed on remand.

Further, with regard to Miranda's testimony regarding daily activities, the Ninth Circuit has "repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities does not in any way detract from her credibility as to her overall disability." *Orn*, 495 F.3d at 639 (quoting *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)). To use daily activity testimony to discredit Miranda, the ALJ must show how it either contradicted his other testimony, or how the daily activities meet the threshold for transferable work skills. *Id*. (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1983)). The ALJ must thus reevaluate Miranda's subjective complaints and testimony on remand.

MEMORANDUM DECISION

**IT IS THEREFORE ORDERED**:

Miranda's prayer for relief to have the final decision of the Commissioner reversed and remanded at **Docket No. 19** is **GRANTED**.  The decision of the SSA is therefore **REVERSED** and the matter **REMANDED** under sentence four of 42 U.S.C. § 405(g), with directions to:

1.     Expand the record to the extent necessary to properly weigh the opinion of the treating physician and the testimony of the claimant; and

2.     Reweigh the opinion of the treating physician and the testimony of the claimant in accordance with *Orn v. Astrue*, 495 F.3d 625 (9th Cir. 2007), and *Lingenfelter v. Astrue*, No. 04-56934,  — F.3d —, 2007 WL 2874403 (9th Cir. 2007).

The Clerk of the Court to enter judgment accordingly.


Dated this 5th day of October 2007.



                                                            /s/ James K. Singleton, Jr.
                                                      **JAMES K. SINGLETON, JR.**
                                                      United States District Judge

MEMORANDUM DECISION